NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN LEON HORNE, | : | |
| | : | Civil Action No. 13-6543(AET) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MERCER COUNTY CORRECTIONS | : | |
| AND MEDICAL STAFF, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Kevin Leon Horne
Mercer County Corrections Center
P.O. Box 8068
Trenton, NJ  08650
     Plaintiff pro se

**THOMPSON,** District Judge

     Plaintiff Kevin Leon Horne, a prisoner confined at Mercer County Corrections Center in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]

---

[1] This Court previously administratively terminated this action based upon Plaintiff's deficient applications for leave to proceed in forma pauperis.  Plaintiff has submitted a new Application [8] for leave to proceed in forma pauperis.  Based on his affidavit of indigence and the absence of three

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on June 26, 2013, he was found on the bathroom floor with a 3-inch long cut to his head, apparently inflicted by another inmate.  Plaintiff asserts that the medical staff at Mercer County Corrections Center did not treat his wound properly, which he contended required stitches, and that they and the Warden Charles Ellis refused to send him to the hospital.  Plaintiff also contends that the medical staff failed to treat other unspecified head, neck, and back injuries.

---

qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and will order the Clerk of the Court to re-open this action and to file the Complaint.

Finally, Plaintiff alleges that Warden Ellis found that his grievances related to the lack of medical treatment had no merit.

Plaintiff names as defendants the medical staff at Mercer County Corrections Center and Warden Charles Ellis.[2]  He seeks monetary damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is

---

[2] From the caption of the Complaint, it is not clear whether Plaintiff intended to name Mercer County Corrections Center as a defendant.  To the extent Plaintiff seeks to assert a claim against Mercer County Corrections Center, he fails to state a claim against that defendant, as a jail is not a "person" amenable to suit under § 1983.  See, e.g., Parrish v. Aramark Foods, Inc., No. 11-5556, 2012 WL 1118672, *3 (D.N.J. April 2, 2012) (collecting cases).  All claims against Mercer County Corrections Center will be dismissed with prejudice.

subject to sua sponte screening for dismissal under all of these provisions.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim."

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, No. 12-4563, 2013 WL 2420891, *2 n.1 (3d Cir. June 5, 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected,

> any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. ANALYSIS

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Id. at 106. See also Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004).

To satisfy the first prong of the <u>Estelle</u> inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. <u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988).

The second element of the <u>Estelle</u> test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837-38 (1994) (<u>cited in</u> <u>Giles v. Kearney</u>, 571 F.3d 318, 330 (3d Cir. 2009)). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. <u>Andrews v. Camden County</u>, 95 F.Supp.2d 217, 228 (D.N.J. 2000) (citing <u>Peterson v. Davis</u>, 551 F.Supp. 137, 145 (D. Md. 1982), <u>aff'd</u>, 729

F.2d 1453 (4th Cir. 1984)). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). See lso Spruill v. Gillis, 372 F.3d at 235. "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.2d at 110.

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met. ... Finally, deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for

serious medical needs or deny access to a physician capable of evaluating the need for such treatment.'" Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d at 346 (citations omitted), cited in Spruill v. Gillis, 372 F.3d at 235.

Here, Plaintiff's characterizations of his alleged injuries, and prison officials' responses, are vague and conclusory. Taken at their most favorable, they appear to reflect a disagreement about whether Plaintiff suffered from a serious medical need requiring treatment and what that treatment should have been. Without more specific information about the nature of his injuries and the response of identifiable prison officials,[4] Plaintiff has failed to state a claim for deliberate indifference to serious medical needs in violation of the Eighth

---

[4] No specific factual allegations are made with respect to any of the fictitious defendants. While fictitious defendants "'are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed,'" Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998) (citations omitted), Plaintiff's failure here to allege any identifying characteristics or any facts suggesting a basis for liability requires dismissal of all claims against the unnamed fictitious defendants for failure to state a claim. It is not sufficient merely to add "John Does" to the list of defendants; Plaintiff must, in the body of the Complaint, make factual allegations describing the John Does defendants and their actions. See Kates v. Bridgeton Police Department, Civil Action No. 10-6386, 2011 WL 6720497, *1 n.1 (D.N.J. Dec. 21, 2011); Beale v. Department of Justice, Civil Action No. 06-2186, 2007 WL 327465, *8 (D.N.J. Jan. 30, 2007); Smith v. Creative Resources, Inc., Civil Action No. 97-6749, 1998 WL 808605, *1 n.2 (E.D. Pa. Nov. 23, 1998).

Amendment.[5]

In addition, Plaintiff's allegations against the Warden -- that he failed to send Plaintiff to the hospital and that he denied Plaintiff's grievances -- are not sufficient to state a claim. As an initial matter, local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See, e.g., Connick v. Thompson, 131 S.Ct. 1350, 1358-60 (2011) (citing, inter alia, Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692 (1978)); Mulholland v. Government County of Berks, Pa., 706 F.3d 227, 237 (3d Cir. 2013); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation

---

[5] The Court notes that Plaintiff has not pleaded whether he is a pre-trial detainee or a convicted and sentenced prisoner. Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment and convicted prisoners are protected by the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535, n.16, 545 (1979); Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005); Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003).

Analysis of whether a pretrial detainee has been deprived of liberty without due process is governed by the standards set out in Bell v. Wolfish. In essence, the test is whether the conditions experienced by the prisoner amount to "punishment," which may not be inflicted at all until after conviction, at which time any punishment imposed may not rise to the level of "cruel and unusual" punishment under the Eighth Amendment. 441 U.S. at 535-39. Here, this Court's conclusions would be the same under either an Eighth or Fourteenth Amendment analysis.

of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted), quoted in Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).  Specifically relevant, here, the allegation that a supervisory prison warden failed to respond to a prisoner's complaints about a prison doctor's treatment decisions is not sufficient to state a claim.  See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  See also Spruill v. Gillis, 372 F.2d at 236 ("If a prisoner is under the care of medical experts ..., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.").

## V.   CONCLUSION

For the reasons set forth above, all claims will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c), for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies described herein, the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed amended complaint.[6]

---

[6] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect,

An appropriate order follows.

/s/ Anne E. Thompson
Anne E. Thompson
United States District Judge

Dated:   5/19/2014

---

unless the amended complaint specifically refers to or adopts the earlier pleading.  See West Run Student Housing Associates, LLC v. Huntington National Bank, No. 12-2430, 2013 WL 1338986, *5 (3d Cir. April 4, 2013) (collecting cases).  See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.  Id.